UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY FAISON,<br><br>            Plaintiff,<br><br>    v.<br><br>PAUL VICKERS; HARBORVIEW HOSPITAL,<br><br>            Defendants. | CASE NO. 2:23-cv-01437<br><br>ORDER TO SHOW CAUSE OR AMEND COMPLAINT |

## 1.  INTRODUCTION

The Court raises this matter sua sponte. Pro se Plaintiff Henry Faison pursues this action in forma pauperis (IFP). Dkt. No. 4. Having closely reviewed the docket, the law, and the parties' filings, the Court, being fully informed, finds that Faison fails to assert a basis for the Court's subject-matter jurisdiction. *See* Fed R. Civ. P. 12(h)(3) (requiring dismissal where court lacks subject-matter jurisdiction). Additionally, Faison fails to state a claim on which relief may be granted, offering no factual or legal basis for his claims. *See* 28 U.S.C. § 1915 (requiring dismissal where a litigant proceeding IFP fails to state a claim on which relief may be granted). These failures warrant dismissal. But rather than dismissing this case

outright, the Court GRANTS Faison leave to amend his complaint within TWENTY-ONE (21) days of this Order to address the issues identified below. Failure to do so will result in dismissal.

## 2. BACKGROUND

Faison began this lawsuit against Defendants Paul Vickers and Harborview Medical Center ("Harborview") in September 2023, with his motion to proceed IFP. Dkt. No. 1. The Honorable Michelle L. Peterson, U.S. Magistrate Judge, granted the motion, Dkt. No. 3, and Faison's complaint was filed a few days later. Dkt. No. 4.

Reading his complaint, the factual and legal bases for Faison's claims are unclear. In the section titled "Statement of Claim"—where the plaintiff is required to "[w]rite a short and plain statement of the claim" explaining "how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights"—Faison wrote only, "Original Bill for Debt on legal Demand. See attached Bill." *Id.* at 5. He did not explain the nature of, or parties to, this alleged "debt." *See id.*

Faison attached three documents to his complaint, the significance of which is unclear. First, he attached a document labeled "Order Pro Confesso," which seems to allege that because Vickers and Harborview "discriminated against and damaged" him, and were "served with actual notice" of a state-court action brought by Faison against them, but "fail[ed]… to make any defence [sic]" in that action, they are therefore liable to him for $250,000. *Id.* at 7. Second, he attached a document titled "Bill for Debt on a Legal Demand." *Id.* at 8. Addressed to the "Chancery Court" at King County, this document references the "Order Pro

Confesso" and appears to demand a legal judgment against Vickers and Harborview in the amount of $250,000. *Id.* And third, he attached a so-called "Affidavit of Claim" asserting that he "was discriminated against and damaged by Paul Vickers" and claiming $250,000 in damages. *Id.* at 9. The affidavit does not explain the basis of the alleged discrimination.

Faison's complaint states no basis for subject matter jurisdiction. *See id.* at 3 (failing to check any box indicating the basis of the Court's jurisdiction). The section devoted to federal question jurisdiction was left blank. *Id.* And in the section devoted to diversity jurisdiction, he stated that he and Vickers are both citizens of Washington. *Id.* at 4.

Faison's lawsuit remained largely inactive until September 2024, when the Court ordered him to show cause why his case should not be dismissed for failure to prove service and failure to prosecute. *See* Dkt. 8. In response, Faison filed documents stating that "[t]his case should not be dismissed for failure to effect service" because he had, in fact, effected service. Dkt. No. 10 at 1. Upon review of these documents, however, it appears that Faison "served" Vickers and Harborview with a summons that was not signed or sealed by the Clerk of Court. *See id.* at 2 (summons form with apparently fraudulent seal in top-left corner).

After this defective service, Harborview appeared and answered Faison's complaint, Dkt. No. 12, followed by a motion for judgment on the pleadings and dismissal for lack of subject-matter jurisdiction, Dkt. No. 14. Meanwhile, Faison also moved for judgment as a matter of law on the pleadings. Dkt. No. 15.

## 3. DISCUSSION

Because Vickers and Harborview were not properly served, *see infra* § 3.3, the Court addresses the defects in Faison's pleadings sua sponte—under Fed R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)—rather than addressing them as they relate to the parties' cross-motions for judgment on the pleadings.

### 3.1 Faison has failed to establish subject-matter jurisdiction on the face of his complaint.

If the Court determines at any time that it lacks subject matter jurisdiction, the Court must dismiss the action. Fed R. Civ. P. 12(h)(3). In general, a federal district court has subject matter jurisdiction over civil actions: (1) "arising under the Constitution, laws, or treaties of the United States" (federal question jurisdiction), *see* 28 U.S.C. § 1331; or (2) where the amount in controversy exceeds $75,000, and the plaintiffs and defendants are citizens of different states (diversity jurisdiction), *see id.* § 1332(a)(1).

Because Faison indicates that both he and Vickers live in Washington state, Dkt. No. 4 at 4, the Court does not have diversity jurisdiction. Thus, Faison must establish federal question jurisdiction for his claims to proceed. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required"). Federal question jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Id.*

Construing Faison's complaint liberally, he seems to allege that he is owed $250,000 arising out of discrimination by Vickers and Harborview. But he does not

**ORDER** TO SHOW CAUSE OR AMEND COMPLAINT - 4

allege facts giving rise to an actionable discrimination claim. Faison's attached documents seem to suggest a different story: rather than seeking to litigate his discrimination claim here, he may instead be seeking federal-court enforcement of a state-court judgment from a discrimination suit (though he provides no evidence of that judgment). In any case, without knowing the circumstances surrounding Faison's discrimination claim, the Court cannot determine whether Faison's allegations arose under federal law. Therefore, the Court appears to lack federal question jurisdiction.

### 3.2  Faison's complaint fails to state a claim on which relief may be granted.

When a plaintiff proceeds in forma pauperis, the Court must dismiss the action if the Court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim, a complaint must meet the pleading requirements set forth under Rule 8 of the Federal Rules of Civil Procedure. Under this standard, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While Rule 8 does not demand detailed factual allegations, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 679.

However, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Therefore, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless '"it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015).

Faison has not satisfied Rule 8's facial plausibility standard. His bare assertion that Vickers "discriminated" against him, without any factual allegations to support it, does not suffice. If Faison wishes to litigate his discrimination claim here—which, again, it is not clear that he does—he must explain the claim's basis in fact and law. To give him another opportunity to do so, the Court GRANTS Faison leave to amend his complaint to avoid dismissal for failure to state a claim under § 1915(e)(2)(B).

### 3.3 The Court will not issue a summons until Faison addresses the deficiencies in his complaint.

The Court also takes judicial notice of the service issues in this case. "Service of a valid summons is necessary before the district court may exercise personal jurisdiction over the defendant, and to be valid a summons must be signed by the clerk." *Silbaugh v.* Chao, 942 F.3d 911, 914 (9th Cir. 2019). The summons that Faison appears to have "served" on Vickers and Harborview was not signed or sealed by the Clerk of Court. *See* Fed. R. Civ. P. 4(b) ("If the summons is properly

completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."). The Court DIRECTS the Clerk of Court not to issue a signed, sealed summons to Faison until the Court finds that Faison has established the Court's subject matter jurisdiction and stated a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

## 4. CONCLUSION

In sum, the Court FINDS that Faison has failed to establish federal subject matter jurisdiction. The Court also FINDS that Faison has failed to state a claim on which relief may be granted. Accordingly, within TWENTY-ONE (21) days of this Order, Faison must show cause why this case should not be dismissed. He may do so by responding to this order or amending his complaint to address the issues raised above. Failure to timely respond or submit an amended complaint that rectifies these deficiencies will result in dismissal.

It is so ORDERED.

Dated this 30th day of January, 2025.

Jamal N. Whitehead
United States District Judge