UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY FAISON, | CASE NO. 2:23-cv-01437 |
| Plaintiff, | ORDER |
| v. | |
| PAUL VICKERS; HARBORVIEW HOSPITAL, | |
| Defendants. | |

## 1.  INTRODUCTION

The Court raises this matter on its own accord. Where, as here, a plaintiff proceeds in forma pauperis (IFP), the Court must dismiss the action if the plaintiff fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Upon review of pro se Plaintiff Henry Faison's amended complaint, Dkt. No. 21, the Court FINDS that Faison fails to establish federal subject-matter jurisdiction or a claim on which relief may be granted. Having previously given Faison a fair opportunity to rectify these defects—which he failed to do—the Court finds that any further leave to amend the complaint is unwarranted. Therefore, for the reasons explained further below, the Court DISMISSES this action without prejudice.

**ORDER** - 1

## 2. BACKGROUND

Pro se Plaintiff Henry Faison pursues this action IFP. Dkt. No. 3.

On January 30, 2025, the Court issued an Order finding that Faison's complaint failed to assert a basis for the Court's subject-matter jurisdiction and failed to state a claim on which relief may be granted. Dkt. No. 20; *see id.* at 2–3 (explaining factual and procedural background); *see id.* at 4–6 (explaining defects in Faison's pleadings). But rather than dismissing the case outright, the Court granted Faison leave to amend his complaint or, alternatively, to show cause why this case should not be dismissed. *Id.* at 7. In particular, the Court pointed out that Faison's complaint seemed to allege some kind of "discrimination," yet did not provide any factual allegations to support a discrimination claim. *Id.* at 6. The Court expressly invited Faison, if he wished to pursue a discrimination claim, to "explain the claim's basis in fact and law" in the amended complaint. *Id.*

On February 19, 2025, Faison filed an amended complaint. Dkt. No. 21. The amended version, like the original, provides no factual allegations to support a discrimination claim. *See id.* Instead, it seems to allege a maritime contract dispute—though without providing any factual details to support the existence of a maritime contract. Faison "asserts subject matter jurisdiction pursuant to Title 28 USC 1739" and suggests that the Court has "Admiralty jurisdiction" over his claims. *Id.* at 2. He also includes a two-page discussion of joinder, whose relevance is entirely unclear. *Id.* at 3–4. In short, the amended complaint rectifies none of the confusion and inadequacies of the original.

The amended complaint also includes several attachments. *See id.* at 5–22. Most of these attachments were included in Faison's prior filings and addressed in the Court's previous Order with two exceptions. First, he attaches a so-called "Affidavit of Publication" to the amended complaint. *Id.* at 5. This document, dated October 2024, appears to allege that notice of this action was published on multiple occasions in a newspaper called the Queen Anne & Magnolia News. *Id.* And second, Faison attaches a "Verified Complaint," dated September 2024. *Id.* at 9. This document states that "[t]his is an Admiralty or maritime contract claim within the meaning of rule 9(h)"; asserts that "defendant PAUL VICKERS owes the plaintiff $250,000.00"; and demands judgment in that amount. *Id.* Yet, like the original and amended complaints themselves, this so-called "Verified Complaint" provides no factual detail about the alleged basis of this debt. *Id.*

## 3. DISCUSSION

**3.1 Faison has failed to establish subject-matter jurisdiction.**

As explained in its previous Order, if the Court determines at any time that it lacks subject matter jurisdiction, the Court must dismiss the action. Fed R. Civ. P. 12(h)(3). In its previous Order, the Court found that it lacks diversity jurisdiction over Faison's claim. Dkt. No. 20 at 4. Nothing in the amended complaint displaces this conclusion. *See generally* Dkt. No. 21. The Court also concluded that it lacks federal-question jurisdiction, but that if Faison stated a federal-law discrimination claim, this conclusion may differ. Dkt. No. 20 at 4–5. Upon review, the Court finds that nothing in the amended complaint indicates a valid discrimination claim, or

any other claim arising under federal law; therefore, the Court concludes that it lacks federal-question jurisdiction. *See generally* Dkt. No. 21.

Faison argues that this Court has jurisdiction over this case "pursuant to Title 28 USC 1739." *Id.* at 2. But this is not a jurisdictional statute and cannot provide a basis for the Court's subject-matter jurisdiction. *See* 28 U.S.C. § 1739 ("State and Territorial nonjudicial records; full faith and credit.").

Faison also argues that the Court has "Admiralty jurisdiction" over his claims; and his so-called "Verified Complaint" asserts that "[t]his is an Admiralty or maritime contract claim." Dkt. No. 21 at 2, 9. It is true that federal district courts have admiralty jurisdiction over maritime contract disputes. *See Ex parte Easton*, 95 U.S. 68, 72 (1877). But Faison does not state any facts supporting the existence of a maritime contract or breach of it. *See generally* Dkt. No. 21. He has had nearly a year-and-a-half to rectify this deficiency, but has failed to do so.

In sum, the Court finds that Faison does not provide a basis for the Court's jurisdiction. This failure warrants dismissal. *See* Fed R. Civ. P. 12(h)(3).

**3.2   Faison has failed to state a claim on which relief may be granted.**

As the Court explained in its previous Order, when a plaintiff proceeds IFP, the Court must dismiss the action if the Court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). At the same time, "[p]leadings must be

construed so as to do justice." Fed. R. Civ. P. 8(e). Therefore, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless '"it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."' *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).

In its previous Order, the Court found that Faison did not state a claim on which relief may be granted; yet the Court gave him leave to amend his complaint in case he could state a valid discrimination claim. *See* Dkt. No. 20 at 6. Faison's amended complaint states neither a discrimination claim nor any other cognizable claim. *See* Dkt. No. 21. Given that the Court has already given Faison ample opportunity to rectify these failures, the Court concludes that further leave to amend is unwarranted.

## 4. CONCLUSION

The Court FINDS that Faison fails to assert a basis of federal subject-matter jurisdiction and fails to state a claim on which relief may be granted. Because these failures cannot be cured by amendment, the Court DISMISSES this action without prejudice under 28 U.S.C. § 1915(e)(2)(B).

Accordingly, Faison's motion for judgment on the pleadings, Dkt. No. 15, and Defendants' motion for judgment on the pleadings, Dkt. No. 14, are both DENIED AS MOOT.

It is so ORDERED.

Dated this 6th day of March, 2025.

                                        Jamal N. Whitehead
                                        United States District Judge